IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY MYERS, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 16-433 |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications for benefits alleging he has been disabled since January 1, 2007. (ECF No. 7-6, p. 7). Administrative Law Judge ("ALJ") Michael S. Kaczmarek held a hearing on April 14, 2015. (ECF No. 7-2, pp. 38-773). On May 18, 2015, the ALJ issued a decision finding Plaintiff is not disabled. (ECF No. 7-2, pp. 21-33). After exhausting all administrative remedies, Plaintiff filed

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Step 3, Meet or Equals a Listing

In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). Plaintiff argues that the ALJ erred in failing to find that he met or equaled Listing 4.11, 4.12 or 7.08 in step 3 of the analysis. (ECF No. 10, pp. 10-12). Specifically, Plaintiff suggests that the ALJ erred because he "gave no explanation as to why the medical evidence offered does not meet the elements of the relevant listings." *Id.* at p. 11. As a result, Plaintiff submits that

3

remand is warranted. After careful review of the evidence, I disagree.

Identifying the applicable listings is the burden of the ALJ. *Burnett v. Commissioner of Soc. Sec.,* 220 F.3d, 112, 120, n.2 (3d Cir. 2000). It is a Plaintiff's burden, however, to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

In this case, the ALJ specifically identified and considered Listings 4.11[2] (regarding chronic venous insufficiency), 4.12[3] (regarding peripheral arterial disease), and 7.08[4]

---

[2] Listing 4.11 provides as follows:
> **4.11 Chronic venous insufficiency** of a lower extremity with incompetency or obstruction of the deep venous system and one of the following:
>
> **A.** Extensive brawny edema (see 4.00G3) involving at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip.
>
> OR
>
> **B.** Superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment.

[3] Listing 4.12 provides:
> **4.12 Peripheral arterial disease**, as determined by appropriate medically acceptable imaging (see 4.00A3d, 4.00G2, 4.00G5, and 4.00G6), causing intermittent claudication (see 4.00G1) and one of the following:
>
> **A.** Resting ankle/brachial systolic blood pressure ratio of less than 0.50.
>
> OR
>
> **B.** Decrease in systolic blood pressure at the ankle on exercise (see 4.00G7a and 4.00C16-4.00C17) of 50 percent or more of pre-exercise level and requiring 10 minutes or more to return to pre-exercise level.
>
> OR
>
> **C.** Resting toe systolic pressure of less than 30 mm Hg (see 4.00G7c and 4.00G8).
>
> OR
>
> **D.** Resting toe/brachial systolic blood pressure ratio of less than 0.40 (see 4.00G7c).

[4] Listing 7.08 provides:
> **7.08 Disorders of thrombosis and hemostasis**, including hemophilia and thrombocytopenia (see 7.00D), with complications requiring at least three hospitalizations

4

(regarding coagulation defects) and stated that Plaintiff failed to meet or equal them because Plaintiff's "chronic venous insufficiency, peripheral arterial disease and Factor V Leiden disease do not result in the <u>frequency, severity or duration of symptoms necessary</u>" under said Listings. (ECF No. 7-2, p. 24)(emphasis added).  After a review of the evidence, I find the ALJ's determination and explanation is sufficient such that I can make a proper and meaningful review. Moreover, I find the ALJ's opinion is supported by substantial evidence. (ECF No.7-2, pp. 21-33). Therefore, I find no error in this regard on the part of the ALJ.   Consequently, reversal/remand is not warranted on this basis.

### C. <u>Residual Functional Capacity ("RFC")</u> [5]

Essentially, Plaintiff argues that the ALJ improperly determined his RFC.  (ECF No. 10, pp.12-18).  In support thereof, Plaintiff submits that "he prove[d] disability at step five" and goes on to cite evidence in support of his position.  *Id.*    To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Thus, this is wholly misplaced.

Throughout his argument, however, Plaintiff seems to allege various errors on the part of the ALJ and I will attempt to address these.   (ECF No. 10, pp. 12-18).   First, Plaintiff implies that the ALJ erred in failing to give Dr. Lane's opinion that he was "permanently disabled" or unable to "maintain gainful employment" no special weight.  (ECF No. 10, p. 12).   Ultimate decision of

---

within a 12 month period and occurring at least 30 days apart prior to adjudication. Each hospitalization must last at least 48 hours, which can include hours in the hospital emergency department or comprehensive hemophilia treatment center immediately before the hospitalization (see 7.00D2).

[5] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

disability as it relates to social security claims, however, is reserved solely for the ALJ. 20 C.F.R. §§ 404.1527, 416.927. Thus, the ALJ was not required to give this opinion any weight or special significance. Therefore, I find no error in this regard.

Next, Plaintiff submits that the ALJ "omitted key findings." (ECF No. 10, p. 13). After a review of the record, I disagree. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. Consequently, I find no error in this regard.

Plaintiff also suggests that the ALJ "misstated" the record. (ECF No. 10, p. 13). After a review of the record, I disagree that the ALJ mischacterized the evidence. I have reviewed the mischaracterizations asserted by Plaintiff and find that the evidence cited by the ALJ is supported by substantial evidence. (ECF No. 7-2, pp. 25-31). Based on the same, I do not find the ALJ mischaracterized the evidence in this regard.

Additionally, Plaintiff takes issue with the ALJ's references to his failure to stop smoking and his failure to wear compression stockings because he believes those are "non-issues." (ECF No. 10, p. 14). I disagree. A plaintiff's failure to comply with prescribed treatment is relevant. At its core, to receive benefits, a claimant must follow prescribed treatment if such treatment can restore that claimant's ability to work. *See* 20 C.F.R. § §416.930; 404.1530. When a claimant fails to follow a prescribed treatment without a good reason, the claimant can be found "not disabled." *Id.* Consequently, I find no error on the part of the ALJ in referencing Plaintiff's noncompliance with prescribed treatments.

I note that in support of "[a]ny shortcomings by Dr. Lane," Plaintiff references an unsigned physical RFC assessment that was submitted to the Appeals Council for the first time on appeal.

(ECF No. 10, p. 18).  As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence.  *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence.").  My review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g).  Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence that was not first submitted to the ALJ when reviewing his decision.[6]

Plaintiff boldly states that he "credibly testified" about elevating his legs for an hour, four times a day.  (ECF No. 10, p. 18).  An ALJ is charged with the responsibility of assessing Plaintiff's credibility. In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §416.929(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.*  I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).  Here, the ALJ did exactly that and found Plaintiff's statements are not entirely credible. (ECF No. 7-2, p. 27).  Furthermore, based on the entire record as a whole, I find there is

---

[6] If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ.  *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833. In this case, Plaintiff does not argue that the evidence meets any of the requirements. As a result, I will not consider such evidence.

substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible.  (ECF No. 7-2, pp. 21-33).   Consequently, the ALJ was not required to credit Plaintiff's statement regarding elevating his legs.

Plaintiff's final paragraph essentially suggests that the ALJ erred by improperly disregarding vocational expert testimony. (ECF No. 10, p. 18).   I disagree.   An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.   *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).   Based on my review of the record and analysis above, I find there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.  (ECF No. 7-2, pp. 21-33).   Thus, I find no error in this regard.   Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY MYERS, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
　-vs- ) Civil Action No.　16-433
　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 18th day of April, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　s/　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.